GREGORY, Circuit Judge,
concurring in part and dissenting in part:
Although I concur in Parts I and II.B of the opinion reversing the dismissal of Hall’s liberty interest claim, I am compelled to dissent from Part II.A. Because Hall has alleged facts sufficient to support a claim for an unconstitutional obstruction that resulted in a delay of his reinstatement, I would reverse the district court’s dismissal of Count I as well.
I.
This case is unique because, unlike the typical post-termination procedural due process claim, Hall does not allege that he was denied a hearing or that he experienced an unreasonably prolonged delay before receiving a decision from the grievance panel proceedings. He was granted a grievance hearing and received a decision in his favor that was final and binding under Virginia law and City ordinances. Instead, Hall alleges that the City willfully refused to comply with the panel decision and that this deliberately obstructive behavior constituted a deprivation of property without due process.
No precedent directly' addresses the question of when a failure to implement a final decision rises to the level of a constitutional violation. In Cleveland Bd. of Educ. v. Loudermill, the Supreme Court set out the scope of pre-termination procedures that are due to public employees and also addressed the question of delay in post-termination hearings that could rise to the level of a constitutional violation. 470 U.S. 532, 547, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). There, the Court indicated that “[a]t some point, a delay in [a] post-termination hearing would become a constitutional violation,” but that in order to state a claim for this type of constitutional deprivation, a plaintiff must allege facts beyond the delay itself that might suggest the delay is “unreasonably prolonged.” Id. However, Loudermill does not directly address a delay in the implementation of a final and binding decision that results from such procedures. Nor does it address, as here, “delay” that is the direct consequence of a municipality’s willful refusal to comply with a final and binding decision.
The majority is correct that a claim for delay cannot be based solely on the standard time that elapses throughout the chronology of the proceedings. Nor can it be based on a “delay” in requesting court action external to the procedure to force compliance. Had this been the sum of Hall’s allegations, his claim for delay would not survive. It was not. Instead, Hall alleged that his delayed reinstatement was the direct consequence of obstructive conduct: the City’s willful refusal to comply with the final and binding grievance deci *264 sion. The City conceded the truth of this allegation in oral argument:
The Court: You get the final decision after it has gone back to remand to the panel, right? And the City gets it back, and you say well we couldn’t keep appealing within the City government because the result would have been the same. So why didn’t you then put him back — follow what the order was of the panel?
City: For the same reasons that were asserted when the matter was remanded to the panel, and that is that the decision was contrary to policy and law.
The Court: But you had lost that.
City: That’s correct.
The Court: Did you have a right to go to this implementation process and ask for non-implementation?
City: No we could not do that. We did not have that right.
The Court: Did you have a right to go to some sort of state court and say this was bizarre and outrageous and that you shouldn’t be forced to do this?
City: We did not have that right.
The Court: You’re saying that you just said, ‘We will let you force me to do it?” That was the legal advice?
City: Given the fact that the City had no other alternative that is exactly the position it was in.
Willful refusal to abide by a final and binding order because you do not agree with the decision is not standard procedural delay. It is categorically unreasonable and, in certain circumstances, could amount to an obstruction of justice. Under these facts, a delay inevitably ensues as the direct consequence of the City’s deliberately obstructive conduct. It cannot be that this otherwise unreasonable delay in compliance — one that is not the result of standard procedural delay — is cured or without consequence because there exists a possibility of some separate enforcement action external to the procedure to force compliance. Applying this logic, the final, binding, and self-effectuating nature of panel decisions evaporates, and the City can always delay implementation until, as here, the prevailing officer can afford to utilize an enforcement procedure or otherwise abandons his right to reinstatement.
What’s more, today’s majority gives the City every incentive to do just that as no circumstances exist where the City could be susceptible to a claim for unreasonable delay in reinstatement under the majority’s analysis. The time it takes a prevailing officer to initiate an external enforcement procedure will always overlap with the City’s deliberate delay. To characterize this overlapping period of time only as the officer’s “delay” in requesting court action to force compliance — a period for which unreasonable delay claims cannot be based — effectively immunizes the City from liability for its part in forcing the delay by refusing to abide by the final and binding decision and eliminates any consequences that would deter such deliberately obstructive behavior in the future — namely, nominal damages and attorney’s fees.
II.
Cory M. Hall, a police officer decorated with commendations including Police Officer of the Year and a Medal for Valor, has experienced what no officer in the City of Newport News has ever had to endure: a willful refusal by the City to comply with a final and binding decision ordering his re *265 instatement. Once that decision was reached, the City was required to reinstate Hall. The majority incorrectly assumes that the period between the binding grievance panel decision and Hall’s initiation of the state court enforcement action eliminates the relief he is due for the City’s egregious actions. For these reasons, I respectfully dissent from Part II.A.